E-FILED
Tuesday, 28 May, 2019 03:42:45 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARVELT MISTER, | ) |
|           **Plaintiff,** | ) |
|     v. | )      No.: 19-cv-3033-MMM |
| A. NAWOOR, et al., | ) |
|           **Defendants.** | ) |

## MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, and no longer in custody, files an amended complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs at the Taylorville Correctional Center ("Taylorville"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff has a lengthy complaint to which he attaches numerous exhibits, including sick call requests, prison trust fund ledgers, letters, grievances and responses. The Court finds that the attached exhibits were not necessary to the complaint and, therefore, did not consider them in this merit review order. *See Fitzgerald v. Dep't of Corr.*, No. 07-61, 2007 WL 951861, at *1 (W.D. Wis. Mar. 26, 2007).

1

Plaintiff reveals that prior to his incarceration at the Illinois Department of Corrections ("IDOC"), he had suffered from a wrist fracture as well as neck and lower back injuries. While in custody, but prior to his June 1, 2016, transfer to Taylorville, he was also diagnosed with a neck fracture and dental issues. Plaintiff asserts that Defendants were aware of his history from IDOC records, but failed to adequately treat his wrist, neck, lower back, stomach issues and dental condition.

Plaintiff alleges inadequate treatment of his neck fracture as he has only received pain medication and has not been provided a neck brace or "any elevation." Plaintiff makes only vague claims as to unidentified lower back issues, indicating that he has a low bunk permit as a result. He claims to suffer severe pain from unidentified, "deteriorating, stomach conditions." Plaintiff claims that Defendant Dr. Nawoor, failed to perform corrective surgery, refused to "alter" prescriptions, refused to explore alternate options, refused to refer Plaintiff to a specialist and refused order CT scans of Plaintiff's neck, risk, back and stomach, though it had been recommended by an outside specialist. Plaintiff does not, however, disclose the specific complaints the made to Defendant Nawoor, does not identify the medications he was on, and does not indicate why he believed they should have been changed. Furthermore, Plaintiff's claim that a specialist had recommended certain treatment appears to contradict his claim that Defendant Nawoor refused to refer him to a specialist.

Plaintiff alleges that Defendant Hackney, the Taylorville Health Care Administrator, refused to provide, or insure that he be provided, adequate and necessary medical care. He makes an unrelated claim that Defendant Hackney also denied him prescription eyeglasses and a second pair of contact lenses.

Plaintiff similarly pleads that Defendant Gavin, the Head Nurse, refused to provide, or insure that he was provided, adequate and necessary medical care. Plaintiff also makes an unrelated claim that Defendant Gavin destroyed his spare set of contact lenses. He also alleges that on four different occasions, Defendant Gavin, violated his confidentiality by speaking about his medical conditions in front of other inmates. Plaintiff makes the addition claim that Defendant, who is not a dentist, placed her finger in his mouth and told him his teeth were crooked. Plaintiff characterizes this as unprofessional conduct.

Plaintiff asserts that Defendant Dentist Dr. Mattricks was aware of his dental condition which included gums swelling, pain, and bleeding as well as the use of a partial denture. Plaintiff alleges that, despite this knowledge, Defendant Mattricks prescribed treatment which was ineffective and refused to alter prescriptions or explore alternative options. Plaintiff claims, further, that Defendant Mattricks filed down his denture for a more proper fit but damaged the denture, refusing to replace it refer him to a specialist.

Plaintiff asserts a claim against Wexford based on an alleged policy and its status as the employer of Defendants Nawoor, Mattricks, Hackney and Gavin. As to the policy, Plaintiff asserts on information and belief, that Wexford has a policy under which it "declines to confirm that adequate care is instituted, even after care is deemed or suspected inadequate."

Plaintiff also asserts a claim against the Illinois Department of Corrections ("IDOC"). Plaintiff alleges that IDOC was aware of his complaints through the grievances he had filed and was deliberately indifferent through its lack of response. He requests money damages and injunctive relief, that "proper" medical care and medications be provided him.

**ANALYSIS**

It is well established that deliberate indifference to a serious medical need is actionable under the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). The failure to address pain readily treatable pain may be evidence of deliberate indifference. *Petties v. Carter*, 836 F.3d 772, 730 (7th Cir. 2016), as amended (Aug. 25, 2016). Under Fed. R. Civ. P. 8(a), however, Plaintiff is required to plead sufficient facts to place Defendants on notice of the claims against them. *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006). While it is not necessary for a plaintiff to plead specific facts, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(courts need not "accept as true a legal conclusion couched as a factual allegation.")

Here, Plaintiff has alleged bare and conclusory allegations against Defendant Nawoor. He does not detail complaints made to Defendant Nawoor, the treatment he believes he was denied or the specific treatment recommended by the specialist. It is unclear, in fact, whether the specialist rendered an opinion as to Plaintiff's neck, back, wrist or stomach. The claim against Defendant Nawoor will be dismissed, with leave to replead with more specificity.

Plaintiff fails to state a claim against Defendant Hackney merely because she was aware through his grievances of the alleged lack of medical care. *See George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007) ("[o]nly persons who cause or participate in the [Constitutional] violations are responsible," not those who merely know of a violation and fail to cure it.) *See also*, *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (plaintiff's letter writing did not render the recipients liable for the alleged unconstitutional conduct of others). This, particularly, as

Plaintiff does not allege that Defendant Hackney had the authority to provide the care allegedly denied by Defendant Dr. Nawoor.

Plaintiff's claim that Defendant Gavin destroyed his contact lenses fails to state a constitutional claim as the deprivation or destruction of personal property does not implicate a constitutional interest, even if those acts are intentional. *Wynn v. Southward*, 251 F.3d 588, 592-93 (7th Cir. 2001). Plaintiff's remedy for such a claim is provided through an action in the Illinois Court of Claims. *Stewart v. McGinnis,* 5 F.3d 1031, 1035-36 (7th Cir. 1993). This claim is DISMISSED.

Plaintiff's claim that Defendant was unprofessional in examining his teeth, also fails to state a constitutional claim. Similarly, Plaintiff's claim that Defendant Gavin discussed his medical condition in front of other inmates fails to allege a constitutional violation. *See Adell v. Hepp*, No. 14-1277, 2015 WL 6680237, at *5 (E.D. Wis. Nov. 2, 2015)("[c]ourts that have extended a constitutional right to privacy for prisoners have done so only where the medical information pertained to some 'excruciatingly' or 'intensely' private circumstance, such as an HIV positive status or transsexual identity.") Internal citations omitted. Plaintiff has made no such allegations here and this claim is DISMISSED.

While Plaintiff might otherwise proceed on a claim that Defendant Gavin refused him appropriate medical treatment, he has not alleged sufficient facts in support. As with Defendant Nawoor, Plaintiff does not disclose the substance of any complaints he made to Defendant Gavin and does not plead that she had the authority to provide care which the Defendant physician had allegedly refused to provide. Plaintiff will be given an opportunity, however, to replead as to Defendant Gavin.

Plaintiff's allegations against Defendant Dentists Mattricks is dismissed as an impermissibly misjoinder as it is not related to the medical claims against Defendants Nawoor and Gavin. *See George,* 507 F.3d at 607 ("[u]nrelated claims against different defendants belong in different suits.")  *See also, Davis v. Harding*, 12-cv-559, 2013 WL 6441027, at *2 (W.D. Wis. Dec. 9, 2013) (to join defendant in a claim, the action must concern a question of fact or law common to all the defendants).

As to Wexford, Plaintiff makes a conclusory claim that Wexford has a policy under which it will not follow-up even if it suspects that a prisoner is receiving inadequate care. While Wexford may be liable for a constitutional injury under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978), the allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Plaintiff fails to identify any particular policy and, even if such a policy exists, fails to plead that Wexford was aware of any inadequate care. Wexford is DISMISSED, though Plaintiff will be given an opportunity to replead against Wexford, should he wish.

Plaintiff's claims against Wexford, based on its status as Defendants' employer cannot proceed, however, as the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). This claim is DISMISSED with prejudice.

While Plaintiff has named IDOC as a Defendant, IDOC enjoys Eleventh Amendment sovereign immunity in this case. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). This is so, as an action against a state agency such as IDOC is construed as an action against the state itself, thus Eleventh Amendment sovereign immunity applies. *See Sittig v. Illinois Dept. of Corr.*, 617 F. Supp. 1043, 1044 (N.D. Ill. 1985); *Wynn v. Southward,* 251 F.3d 588, 592 (7th

Cir.2001) (Eleventh Amendment bars federal court suit for money damages against state prison and Department of Corrections).  Furthermore, the statutory scheme of § 1983 provides relief to one injured by a "person" operating under color of law.  A state or state agency is not a "person" amenable to suit.  *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).  *See Wright v. Porter County*, 2013 WL 11761909, *2 (N.D. Ind. Mar. 19, 2013)(dismissing § 1983 money damages claim against IDOC and the East Moline Correctional Center).  IDOC is DISMISSED with prejudice.

Lastly, Plaintiff requests injunctive relief, that Defendants provide him medical services, not particularly identified.  Plaintiff, however, is no longer in custody and under the control of Defendants, so his request for injunctive relief must be dismissed.  *See Smith v. Wilson*, No. 07-338, 2007 WL 4324005, at *1 (N.D. Ind. Dec. 7, 2007) (plaintiff's request for injunctive relief rendered moot after he was transferred from the prison which was to provide the relief); *Myers v. McAuley*, No. 02-1590, 2002 WL 31006131, at *7 (N.D. Ill. Sept. 5, 2002) ("plaintiff's requests for injunctive relief ('proper medical services,') … must be dismissed as moot since he is no longer in the custody of the Cook County Department of Corrections.")

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Plaintiff will have 30 days from the entry of this order in which to replead his claims against Defendants Nawoor, Gavin and Wexford.  The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading.  Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Defendant Matticks is DISMISSED.  If Plaintiff seeks to assert a claim against Defendant Matticks for unrelated dental claims, he must file it in a

separate suit with responsibility for the attendant filing fee. Defendants Hackney is DISMISSED. IDOC is DISMISSED with prejudice.

2. Plaintiff files [13], an updated in forma pauperis petition as ordered by the Court due to his release from custody. [13] is GRANTED to the extent that Plaintiff substantiates that he currently has no income whatsoever. Plaintiff is advised, however, that he is to file an updated petition if he obtains employment or receives other sources of income.

ENTERED: 5/28/2019

_____s/Michael M. Mihm_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE